UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, <br><br> Defendants. | Civil Action No. 1:24-cv-1713 <br><br> JURY TRIAL DEMANDED |

### PLAINITFF'S MOTION TO FILE UDNER SEAL

Under Civil Local Rule 26.2, Plaintiff respectfully moves for leave to temporarily file the following documents under seal or alternatively file a redacted version of the following documents:

(1) **Schedule A** attached to the Complaint, which includes a list of Internet store names used by Defendants; and

(2) **Exhibit 1** attached to the Complaint, which is the patent asserted in this case.

(3) **Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining Order** and its accompanying supporting memorandum, declaration, and exhibits, which include screenshot printouts showing the infringing products as well as information regarding Plaintiff, Plaintiff's pertinent products, and the accused products.

1

First, as a general matter, federal courts—not only those in this district, but around the country—routinely seal documents in patent infringement cases to, for example, preclude the defendant from learning the case until its assets can be restrained or seized. *See, e.g., Chrome Cherry Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 21-CV-05491, 2021 WL 6752296 (N.D. Ill. Oct. 20, 2021); *Modine Mfg. Co. v. Borg-Warner, Inc.*, No. 12-CV-815-JPS, 2013 WL 5651381 (E.D. Wis. Oct. 15, 2013).; *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.* (N.D.Cal. Aug. 31, 2015, No. 12-cv-05501-SI) 2015 U.S.Dist.LEXIS 115701; and *Bo Wang v. Individuals, P'ship & Unincorporated Ass'n Identified on Schedule "A"* (S.D.Fla. Aug. 23, 2023, No. 23-cv-22984-BLOOM/Otazo-Reyes) 2023 U.S.Dist.LEXIS 153915.

Second, the disclosure of the materials requested to be sealed would compromise the confidentiality of Plaintiff's *Ex Parte* TRO Motion.

Here, Plaintiff is requesting temporary *ex parte* relief based on an action asserting patent infringement. Sealing of the files is necessary to prevent Defendants from learning of these proceedings prior to execution of the temporary restraining order. If Defendants were to learn of these proceedings prematurely, the likely result would be the destruction of relevant documentary evidence, the hiding of assets and/or transferring of assets to foreign jurisdictions, and the refusal of Defendants to participate in the case. Such maneuvering would frustrate the purpose of the underlying law and would interfere with, and likely entirely undermine, Plaintiff's ability to secure relief.

For at least the reasons explained above, the Court should grant this motion.

///

///

///

Date: February 29, 2024                                                           Respectfully submitted,

*[signature: Zheng Liu]*

_____
Zheng "Andy" Liu (CA # 279327)
Jingyi Guo (CA # 335448)
1660 South Amphlett Blvd. Suite 315
San Mateo, CA 94402
Tel.: (650) 475-6289
Email: Andy.Liu@AptumLaw.us
Jingyi.Guo@AptumLaw.us
*Attorneys for Plaintiff John Doe*